Filed 7/10/13  P. v. Conley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM DAVID CONLEY, JR.,<br><br>Defendant and Appellant. | F065203<br><br>(Super. Ct. Nos. 12CM0982 & 10CM1470)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J. and Poochigian, J.

This appeal raises only the issue of imposition of an unauthorized fee as part of a felony sentence. We will modify the judgment and affirm the judgment as modified.

## FACTS AND PROCEDURAL HISTORY

While on probation in Kings County Superior Court case No. 10CM1470 as a result of conviction of a violation of Health and Safety Code section 11377, subdivision (a), defendant and appellant William David Conley, Jr., stole papers from the glove box of a car. When being questioned by a police officer about the offense, defendant fled. As part of a plea agreement in case No. 12CM0982, defendant admitted violating probation and pled no contest to one count of violation of Penal Code section 666 and one misdemeanor count of violation of Penal Code section 148, subdivision (a)(1). Another count and sentence enhancement allegations were dismissed. The court sentenced defendant to an operative prison term of four years eight months, half to be served in county jail and half to be served under mandatory supervision pursuant to Penal Code section 1170, subdivision (h)(5)(B). As part of the sentence, the court imposed an administrative screening fee of $25 pursuant to Penal Code section 1463.07, applicable to those who have been arrested and released on their own recognizance. Defendant had not, however, been released on his own recognizance.

## DISCUSSION

Defendant contends, and respondent concedes, the administrative screening fee may be imposed only upon those released on their own recognizance. Defendant further contends, and respondent concedes, a sentence inappropriately imposing such a fee is unauthorized and may be corrected at any time, even though no objection was made in the trial court. (See *People v. Welch* (1993) 5 Cal.4th 228, 235.) We agree. Accordingly, we will modify the sentence in this case to strike the $25 fee imposed pursuant to Penal Code section 1463.07.

2.

## DISPOSITION

The judgment is modified to strike the $25 fee denominated "Release after booking fee"; the "Total" on that line of the judgment is modified to $112.  As modified, the judgment is affirmed.